


UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>NICHOLAS RETZLAFF,<br><br>        Debtor.<br>_____<br>CINDY LEE,<br><br>        Plaintiff,<br>vs.<br><br>NICHOLAS RETZLAFF,<br><br>        Defendant.<br>_____ | Case No. 12-30511-A-7<br><br><br><br><br><br><br><br>Adv. No. 12-2552<br><br><br><br><br>Date: December 19, 2012<br>Time: 2:00 p.m. |

**MEMORANDUM**

Plaintiff Cindy Lee seeks to except a debt from Nicholas Retzlaff's chapter 7 bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(6). The court concludes, however, that the debt is dischargeable.

On April 14, 2005, while Ms. Lee and Mr. Retzlaff were romantically involved, Ms. Lee financed the purchase of a

motorcycle. She paid $10,700, made a $1,000 down payment, and financed the balance of the purchase price. The motorcycle was purchased on behalf of Mr. Retzlaff although title remained in Ms. Lee's name. Mr. Retzlaff used the motorcycle and was responsible for paying the insurance, registration, maintenance, and reimbursing Ms. Lee for the monthly loan payments. They agreed that if Mr. Retzlaff did not pay these items, the motorcycle was to be returned to Ms. Lee.

This arrangement was made because Mr. Retzlaff's credit did not permit him to purchase the motorcycle on credit.

In order to paint the motorcycle, in April of 2010, Ms. Lee lent Mr. Retzlaff a further $1,000.

Approximately a year later, in April of 2011, they ended their relationship. They agreed Mr. Retzlaff would retain the motorcycle provided he continued to make Ms. Lee's loan payments and repay the additional $1,000.

Both during and after their relationship, Mr. Retzlaff's made the loan payments and the payments on the additional $1,000 to Ms. Lee, albeit oftentimes late. However, around September 2011, the payments stopped. As a result, Ms. Lee demanded the return of the motorcycle. Mr. Retzlaff turned it over in October.

When Ms. Lee received possession of the motorcycle she discovered it was in disrepair and many parts were missing. She obtained estimates to repair it and when Mr. Retzlaff did not pay for the repairs, she sued him in state court. Ms. Lee was awarded $6,159.71, plus costs. The $6,159.71 was comprised of the $5,609.71 necessary to repair the motorcycle and the $550

unpaid portion of the subsequent $1,000 loan.

Because Mr. Retzlaff agreed to maintain the motorcycle, it does not appear that the state court took up the issue of why the motorcycle was in disrepair. He was responsible for the cost of repair whatever the reason.

Here, however, the reason is important because in order for the state court judgment to be nondischargeable, Mr. Retzlaff must have acted willfully and maliciously. <u>See</u> 11 U.S.C. § 523(a)(6).

A review of the photographs of the motorcycle shows that it was damaged in some sort of accident. There are scuffs and dents on different portions of the motorcycle. This jibes with Mr. Retzlaff's explanation that the motorcycle was damaged when he was run off the road by another vehicle. His ongoing efforts to repair this damage and his customization of the motorcycle were the reasons it was not operable when returned to Ms. Lee. The slow pace of the repairs, like his failure to keep his financial commitments to Ms. Lee, was attributable to his financial problems.[1] He denied damaging or removing parts from the motorcycle simply because Ms. Lee had demanded its return.

The court agrees there is slim evidence that the condition of the motorcycle is attributable misconduct on the part of Mr.

---

[1] The court takes judicial notice of Mr. Retzlaff's bankruptcy schedules. Schedules I and J reveal that he is employed as a mechanic, nets approximately $2,100 a month which is slightly less than his recurring monthly living expenses of $2,350. Other than Ms. Lee, five of Mr. Retzlaff's unsecured debts were in collection. So, even though scheduled debts other than Ms. Lee's judgment are modest (approximately $10,400), when Ms. Lee twice garnished his wages, receiving $623.75, it is easy to understand why Mr. Retzlaff elected to file bankruptcy.

1  Retzlaff. He had possession of the motorcycle for several years,
2  it was in an accident, and during the period he was in possession
3  of it, he periodically customized it. Before and after his split
4  from Ms. Lee, he made an effort to repay her and when he was not
5  able to continue to do so, he returned the motorcycle to her.

6　　So, while Mr. Retlaff bore the financial responsibility for
7  the purchase and maintenance of the motorcycle, the court cannot
8  conclude that his failure to meet that responsibility was the
9  result of willful and malicious conduct.

10　　Accordingly, judgment will be entered for Mr. Retzlaff.

11  Dated: 8 Feb 2013　　　　　By the Court

13　　　　　　　　　　　　　　　/s/ Michael S. McManus
　　　　　　　　　　　　　　　_____
14　　　　　　　　　　　　　　Michael S. McManus, Judge
　　　　　　　　　　　　　　　United States Bankruptcy Court

4